# UNITED STATES DISTRICT COURT
## Northern District of California

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| **Leslie Yun** | ) | USDC Case Number:  CR-14-00196-013 CRB |
| a/k/a Leslie Yuncheung | ) | BOP Case Number:  DCAN314CR00196-013 |
| | ) | USM Number:  80838-053 |
| | ) | Defendant's Attorney:  Dennis Patrick Riordan (Appointed) |

**THE DEFENDANT:**

☑ pleaded guilty to counts: <u>89, 92, 101, 103, 116, 133, 142. 162, 207, and 227 of the Second Superseding Indictment.</u>

☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.

☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1956(a)(3)(A) | Money Laundering | April 11, 2013 | 89, 92, 103, 116, 142 |
| 18 U.S.C. § 371 | Conspiracy to Traffic and Trafficking in Contraband Cigarettes | July 23, 2013 | 101, 133, 162 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Manufacture, Distribution, and Possession with Intent to Distribute Marijuana | March 26, 2014 | 207, 227 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/8/2018
Date of Imposition of Judgment

Signature of Judge
The Honorable Charles R. Breyer
Senior United States District Judge
Name & Title of Judge

1/17/2018
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
>       84 months. This term consists of terms of 84 months on each of Counts 89, 92, 103, 116, 142, 207, 227, and terms of 60
>       months on each of Counts 101, 133, 162, all counts to be served concurrently.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☑    The Court makes the following recommendations to the Bureau of Prisons:
>       Participation in the Bureau of Prisons Residential Drug Abuse Treatment Program (RDAP).
>       Designation to a facility as close to Oakland, California, as possible.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

>    ☐    at _____ am/pm on _____ (no later than 2:00 pm).

>    ☐    as notified by the United States Marshal.

☑    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

>    ☑    on 3/8/2018 (no later than 2:00 pm).

>    ☐    as notified by the United States Marshal.

>    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Leslie Yun
CASE NUMBER: CR-14-00196-013 CRB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>Three years. This term consists of terms of three years on each of Counts 89, 92, 101, 103, 116, 133, 142, 162, 207, 227, all such terms to run concurrently.</u>

## MANDATORY CONDITIONS OF SUPERVISION

1)     You must not commit another federal, state or local crime.

2)     You must not unlawfully possess a controlled substance.

3)     You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

        ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4)  ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5)  ☑  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6)  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7)  ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work regularly at a lawful occupation, unless excused by the probation officer. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____          _____
              Defendant                                                                              Date

              _____          _____
              U.S. Probation Officer/Designated Witness                        Date

# SPECIAL CONDITIONS OF SUPERVISION

1. You shall pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2. You shall not associate with any member of the Chee Kung Tong (CKT) gang.

3. With the exception of your husband, Yat Wah Pau, you shall not have contact with any codefendant in this case, namely Kwok Cheung Chow; Leland Yee; George Nieh; Keith Jackson; Xiu Liang; Alan Chiu; Kongphet Joe Chanthavong; Michael Xiao Cheng Mei; Brandon Jamelle Jackson; Marlon Sullivan; Rinn Roeun; Andy Li; Kevin Siu; Huan Ming Ma; Hon Keung So; Norge Ronald Mastrangelo; Albert Chithasone Nhingsavath; Tina Liang; Gary Kwong Yiu Chen; Serge Gee; Anthony John Lai; Tong Zhao Zhang; Zhanghao Wu; Barry House; Wilson Sy Lim.

4. You shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

5. You shall submit your person, residence, office, vehicle, or any property under your control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; you shall warn any residents that the premises may be subject to searches.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 1,000 | N/A | Waived | N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $  0.00 | $  0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the fine/restitution.

    ☐ the interest requirement is waived for the fine/restitution is modified as follows:
    _____

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Leslie Yun

CASE NUMBER: CR-14-00196-013 CRB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows[*]:

**A**  ☑  Lump sum payment of \_\_\_$1,000_____ due immediately, balance due

    ☐  not later than _____ , or

    ☑  in accordance with  ☐ C,  ☐ D, or  ☐ E, and/or  ☑ F below); or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:
When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  |  |  |  |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s): _____

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
(1) One 5.56 caliber AR-15 rifle with no serial number or manufacturer markings on lower receiver;
(2) One 5.56 caliber AR-15 rifle with no serial number or manufacturer markings on lower receiver, barrel marked "5.56 NATO 1/7 CL Palmetto", "Palmetto" marked on upper receiver and stock;
(3) One .44 caliber Smith and Wesson Revolver, serial number 173514 XRF# 94590;
(4) One .45 caliber Sturm Ruger handgun, serial number 661-43176;
(5) One .45 caliber Taurus revolver, serial number CW930492;
(6) One 9MM Calico firearm, serial number J000690;

---

[*] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

(7) One AK-47 assault rifle, serial number 1983 AE4488;

(8) One 9MM Luger pistol, serial number 0047677;

(9) One .233 caliber Bushmaster firearm, serial number CRB003689;

(10) One .45 caliber Springfield pistol, serial number N450080;

(11) One 9MM Luger pistol, serial number 17094;

(12) One AR-15 assault rifle with attached bipod, no serial number or manufacturing stamp;

(13) One 7.62 caliber SKS rifle, serial number 24023048N;

(14) One 7.62 caliber Norinco firearm, serial number 8808322;

(15) One 9MM Uzi semi-automatic firearm, serial number SA41977;

(16) One 9MM M-11 S.M.D. firearm, serial number 89-0007062;

(17) One .22 caliber Ruger carbine, serial number 123-20766;

(18) One Cobray pistol, with last six digits of serial number 007394;

(19) One 12-gauge Mossberg shotgun, serial number MV60079C;

(20) One .223 caliber Sturm Ruger rifle, serial number 580-75655;

(21) One Smith and Wesson handgun, serial number A170243;

(22) One Colt handgun, serial number SF A5458;

(23) One 7.62 caliber Clayco Sports rifle, serial number 105211;

(24) One 7.62 caliber SKS firearm, serial number 2697;

(25) One 7.62 caliber AK-47 rifle, serial number CM0605639;

(26) One .380 caliber Cobra M12;

(27) One .22LR caliber Smith and Wesson firearm, serial number DZR2321;

(28) One .45 caliber Ruger revolver, serial number 45-12226;

(29) One .357 caliber Smith and Wesson revolver, serial number A YL5I33;

(30) One .22 caliber revolver, serial number 69874;

(31) One .223 caliber Daewoo DR-200 rifle bearing serial number RA001216;

(32) One .40 caliber Ruger SR40 handgun, serial number 342-08483;

(33) One .380 caliber Cobra FS380 semi-automatic pistol;

(34) One .223 caliber Aero Precision X 15 rifle with an obliterated serial number;

(35) One Beretta Model 92FS, serial number BER252848Z;

(36) Approximately 496 rounds of ammunition of various caliber including shotgun shells;

(37) Approximately Twenty (20) magazines including "extended" and drum-style magazines for ammunition of various calibers;

(38) One speed loader;

(39) One blue ballistic vest with yellow marking "FBI" manufactured by Point Blank, model Gold Flex-6 IIIA, Style VNG052;

(40) One white ballistic vest manufactured by ABA, model XT3A-2;

(41) One bullet-proof vest manufactured by International Armor, Model Type 2A;

(42) One AK-47 scope;

(43) One silencer;

(44) Real property and improvements located at 5555 Merritt Drive, Concord, Ca.;

(45) $61,280.75 in United States Currency, 3710 Thai Bhat, 3,635 Chinese Yuan, 66 Canadian Dollars, and 380 Hong Kong Dollars seized from 3430 Laguna Avenue, Apt. C, Oakland, CA on March 26, 2014;

(46) $228,420.00 seized from 133-43 37th Ave., Flushing, NY on March 25, 2014;

(47) $66,066.00 seized from I370 24th Ave., San Francisco, CA on March 26, 2014;

(48) $98,791.00 seized from 999 87th St., Daly City, CA on March 26, 2014;

(49) Equipment that facilitated the cultivation and distribution of marijuana seized at 5804 Highland Avenue, Richmond, CA on February 20, 2014;

(50) Equipment that facilitated the cultivation and distribution of marijuana seized at 5176 Judsonville Avenue, Antioch, CA on October 30, 2012;

(51) Electrical equipment, such as plant grow light bulbs, hoods, and electrical ballasts, seized from 555 Merritt Dr., Concord, CA on February 20, 2014;

(52) $26,786.00 seized from 225 Jules Ave., San Francisco, CA on March 26, 2014;

(53) $15,142.00 seized from 1116 St. Francis Dr., Concord, CA on March 26, 2014;

(54) $8,006.00 seized from 99I Carolina St., San Francisco, CA on March 26, 2014;

(55) $5,644.00 seized from 558 Broadway St., Apt. 8, San Francisco, CA on March 26, 2014;

(56) $3,452.00 seized from 353 King St., Apt. 720, San Francisco, CA on March 26, 2014;

(57) $2,717.00 seized from 128 Buxton Ave., South San Francisco, CA on March 26, 2014;

(58) $1,698.00 seized from James Pau at I33-43 37th Ave., Flushing, NY on March 25, 2014;

(59) $1,076.00 seized from Leslie Yun at I33-43 37th Ave., Flushing, NY on March 25, 2014;

(60) $8,507.32 seized from 6386 Blackwood Dr., Cupertino, CA on March 26, 2014; and

(61) The following items seized from 999 87th Street, Daly City, CA, on March 26, 2014: One box of Remington 12 gauge Pheasant Loads shotgun shells containing 25 shells; a Mossberg 12 gauge shotgun, model 500A, s/n R937625; U.S. currency in the amount of $51 ,251, consisting of 4 70 x $100.00, 212 x $20.00, 1 x $5.00, and 6 x $1.00; U.S. currency in the amount of $46,260, consisting of 462 x $100.00 and 3 x $20.00; U.S. currency in the amount of $280.00, consisting of 14 x $20.00; and U.S. currency in the amount of $1,000.00, consisting of 50 x $20.00.

☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.